UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HASAN DAVIS, | Case No. 3:22-cv-00057-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY DETENTION CENTER, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Hasan Davis brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while detained at Washoe County Detention Center. (ECF No. 1-1.) On February 3, 2022, this Court ordered Davis to file a fully complete application to proceed *in forma pauperis* ("IFP") or pay the full $402.00 filing fee on or before April 4, 2022. (ECF No. 5.) The Court warned Davis that this action could be dismissed if he failed to file a fully complete IFP application with all three documents or pay the full filing fee by that deadline. (*Id.* at 3.) That deadline expired and Davis did not file a fully complete IFP application, pay the full filing fee, or otherwise respond. Moreover, the Court's mail to Davis is being returned as undeliverable. (ECF Nos. 6, 7, 8.)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Davis's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Davis either files a fully complete IFP application or pays the $402.00 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and

squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception as the Court's mail to Davis has been returned as undeliverable. The likelihood that a second order would reach Davis is low. Therefore, setting another deadline is not a meaningful alternative given these circumstances. The Court finds that the fifth factor favors dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Davis's failure to file a fully complete IFP application or pay the full $402.00 filing fee in compliance with the Court's February 3, 2022 order (ECF No. 5).

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Davis wishes to pursue his claims, Davis must file a complaint in a new case.

DATED THIS 29th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE